**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bobby L. MCKINLEY, Defendant–Appellant.**

No. 02–1376.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 22, 2004.*

Decided Jan. 22, 2004.

Laura A. Przybylinski, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Bobby Lee McKinley, pro se, Greenville, IL, for Defendant–Appellant.

Before COFFEY, KANNE, and WILLIAMS, Circuit Judges.

## ORDER

Bobby McKinley was convicted in 1995 of transporting altered securities, 18 U.S.C. § 2314, and sentenced to 87 months' imprisonment and three years' supervised release. McKinley served his prison term, but after 5 months on supervised release he was arrested on a domestic battery charge by Wisconsin authorities. McKinley stipulated to the state charge, and the district court subsequently revoked his supervised release in accordance with 18 U.S.C § 3583(e). In January 2002 the court sentenced McKinley to 24 months' imprisonment with no term of supervised release to follow. McKinley appeals the revocation of his supervised release, but his appointed counsel now moves to withdraw on the ground that McKinley's release from prison in August 2003 rendered his appeal moot.

When a prisoner is released from incarceration and has fully discharged his sentence, any challenge to the underlying basis for the commitment becomes moot unless he continues to suffer collateral consequences traceable to that commitment. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Counsel informs us that McKinley has fully served his prison sentence for violating his supervised release, and the district court did not impose any further term of supervised release to follow. Thus, any collateral consequences that McKinley suffers result from his original conviction, not from the revocation of his supervised release. His appeal is now moot because he can gain nothing from it. *See United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir.2001). Accordingly, we no longer have jurisdiction over this appeal.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.